**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JUAN GERARDO IBARRA HERRERA** | **CIVIL ACTION NO. 1:26-2804** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **MELISSA B. HARPER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# **REPORT AND RECOMMENDATION**

Petitioner Juan Gerardo Ibarra Herrera,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 5]. For reasons below, the Court should deny the petition.

## **Background**

Petitioner is a citizen of Mexico. "Petitioner entered the United States near Hidalgo, Texas, on or about February 10, 2006. Petitioner has lived in the United States for approximately twenty years. Petitioner is married. His wife, and his two stepchildren — one a United States citizen and one a lawful permanent resident — reside in the United States and depend on him. Petitioner has owned and operated a small business and has held steady employment in the Gulf Coast region for approximately two decades. Petitioner has filed

[1] Petitioner's "A Number" is 209-496-354.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

income tax returns for multiple years. Petitioner does not have a violent criminal history. Petitioner has one pending misdemeanor charge, which remains unadjudicated and which counsel is seeking to have dismissed. Petitioner has no record of ever failing to appear for a scheduled hearing or of violating any condition of supervision." [doc. # 1, p. 5].

"On or about June 19, 2026, Petitioner was taken into ICE custody and is currently detained at the Central Louisiana ICE Processing Center in Jena, Louisiana." [doc. # 1, p. 6].

Petitioner filed this proceeding on July 30, 2026. He claims that the Government is violating his right to due process by denying him a "neutral hearing on danger, flight risk, or alternatives to detention." [doc. # 1, p. 11].

Petitioner also claims that the Government is violating the Administrative Procedure Act ("APA"). [doc. # 1, p. 13].

Respondents opposed the petition on September 4, 2026. [doc. # 5].

On September 9, 2026, an immigration judge ordered Petitioner removed.[3] Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); his appeal is pending. *Id.*

## <u>Law and Analysis</u>

### I. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226

The Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez*, 166 F. 4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for

---

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited October 13, 2026).

admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: he is detained under Section 1225. Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." Under Section 1225(b)(1)(B)(iii)(IV) (emphasis added), "Any alien subject to the procedures under this clause *shall be detained* pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." Under section 1225(b)(2)(A) (emphasis added), "Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."

Plainly, Section 1225 does not authorize release on bond. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to bond or a bond hearing.

**II. Due Process**

Petitioner claims that the Due Process Clause entitles him to a bond hearing.

In *Dzheison Ford v. Timothy Ducote, et al.*, 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate

court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.

In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.

Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.

The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."

Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that

process.").[4] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. On September 9, 2026, an immigration judge ordered Petitioner removed. He appealed the removal order to the BIA; his appeal is pending. Petitioner's appeal is likely extending his detention until the BIA decides his appeal. Petitioner's detention will likely end (i) when his order of removal becomes final (if the BIA affirms the order of removal or dismisses Petitioner's appeal) and the Government removes him or (ii) if the BIA rules in Petitioner's favor.

Accordingly, the Court should deny Petitioner's claim. Petitioner may re-file his claim if his detention becomes indefinite or potentially permanent.

**III. APA**

Under the APA, courts may set aside unlawful, unconstitutional, or arbitrary and capricious agency actions. 5 U.S.C. § 706(2). Here, however, the Government (as explained above) is statutorily and constitutionally authorized to detain Petitioner. Thus, Respondents are not violating the APA by continuing to detain him.

## Recommendation

For reasons above, **IT IS RECOMMENDED** that Petitioner Juan Gerardo Ibarra Herrera's petition be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

[4] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge